■ PRINCE FASHIONS, INC., Appellant, v 60G 542 BROADWAY OWNER, LLC, Respondent. [53 NYS3d 24]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered July 1, 2016, which denied plaintiff's motion for a *Yellowstone* injunction, unanimously affirmed, without costs.

Defendant's representations to this Court, uncontroverted by plaintiff, are that immediately following Supreme Court's denial of plaintiff's *Yellowstone* motion, on July 1, 2016, defendant served a notice of lease cancellation on plaintiff terminating the lease effective July 5, 2016 and commenced a holdover proceeding against plaintiff. Although plaintiff had the opportunity to seek injunctive relief from either Supreme Court or from this Court pursuant to CPLR 5519 between July 1, 2016 and July 5, 2016, when the cure period expired, it failed to do so. Because by that time, plaintiff's lease was terminated, and a holdover proceeding had been commenced, appellate relief is barred (*PJ Hanley's Corp. v Kiwi Pub Corp.*, 116 AD3d 607 [1st Dept 2014], *lv denied* 23 NY3d 1016 [2014]; *see 166 Enters. Corp. v I G Second Generation Partners, L.P.*, 81 AD3d 154, 159 [1st Dept 2011] ["Since there was no temporary restraining order in place at (the) time (that the notice of termination was served), the notice was validly served and the

lease was terminated. Once the lease was terminated in accordance with its terms, the court lacked the power to revive it"]).

Were we to consider plaintiff's arguments on their merits, we would reject them. The notice of default delivered by defendant to plaintiff stated that plaintiff had breached its obligations to defendant under the terms of the lease by failing to "maintain general public liability insurance [policies] . . . in favor of Landlord and Tenant against claims . . . occurring in or upon the [Retail] [P]remises" and by failing to deliver such policies to defendant.

The default alleged is incurable for several reasons. First, the period in question involves commercial general liability (CGL) insurance policies for the periods 2014-2015 and 2015-2016. These policies were all obtained by, and named, plaintiff's subtenants as the insureds, but did not name defendant as a certificate holder or additional insured. Additionally, the evidence plaintiff proffers as to one of the 2014-2015 policies evinces that no party, not even defendant's predecessor, was named as an additional insured. These policies would not cure the default, not only because they are not "in favor" of defendant, but also because a " 'landlord is not required to accept [a] subtenant's performance in lieu of tenant's' " (*166 Enters. Corp. v I G Second Generation Partners, L.P.*, 81 AD3d at 158, quoting *Federated Retail Holdings, Inc. v Weatherly 39th St., LLC*, 77 AD3d 573, 574 [1st Dept 2010]).

Further, the policy obtained by plaintiff after receiving the notice of default on March 4, 2016, and covering the policy period March 10, 2016 to March 10, 2017, cannot cure the default. The fact that plaintiff obtained this prospective CGL insurance coverage cannot retrospectively cure the default arising from plaintiff's failure to have continuously maintained insurance coverage in the landlord's favor as required by its commercial lease (*Kyung Sik Kim v Idylwood, N.Y., LLC*, 66 AD3d 528, 529 [1st Dept 2009]; *see 117-119 Leasing Corp. v Reliable Wool Stock, LLC*, 139 AD3d 420, 421 [1st Dept 2016]). Because plaintiff's evident failure to obtain insurance naming defendant as an additional insured constitutes an incurable default, were we to consider the merits, plaintiff would not be entitled to *Yellowstone* injunctive relief. Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Kahn, JJ.